UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lowry Martin ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:05CV01411 |
| v. ) | |
| ) | Judge Emmet G. Sullivan |
| ) | |
| The Arc of the District of Columbia ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO QUASH SERVICE AND DISMISS THE COMPLAINT**

Defendant The Arc of the District of Columbia ("The Arc") through counsel, submits this memorandum of points and authorities in support of its motion to quash service of process and to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). In support of its motion, Defendant states as follows:

**I.    SUMMARY**

Plaintiff attempted to serve her Summons and Complaint on Defendant The Arc by leaving the documents with a legal assistant at counsel for Defendant's law firm. This is not proper service under Federal Rule of Civil Procedure 4(h) because undersigned counsel is not a corporate officer or registered agent of Defendant and opposing counsel did not obtain a waiver.

Plaintiff filed the Complaint on July 15, 2005. After opposing counsel failed to serve the Complaint and failed to litigate this matter, this Court dismissed this action without prejudice by order dated April 6, 2006. On June 13, 2006, this Court granted counsel for Plaintiff's request to reopen this case and unseal the Complaint. Even after the Court reopened this case, counsel for Plaintiff did not even attempt to serve

Defendant until January 12, 2007. Even then, counsel for Plaintiff improperly served undersigned counsel. Pursuant to Federal Rule of Civil Procedure 4(m), a complaint shall be dismissed if not properly served within 120 days of filing.

Accordingly, Defendant asks the Court to quash service of process and to dismiss the Complaint.

**II.    FACTS**

On July 15, 2005, Plaintiff, through counsel, filed this Complaint against The Arc. On April 6, 2006, this Court *sua sponte* ordered this matter dismissed without prejudice for failure to prosecute. On April 24, 2006, Plaintiff filed her Motion to Reopen Case and Unseal Complaint. On June 13, 2006, the Court granted Plaintiff's Motion to Reopen Case and Motion to Unseal the Case.

Counsel for Plaintiff did not take any action in this matter until the recent attempt to serve the Complaint. On January 12, 2007, a process server delivered the Summons and Complaint to Mary Irwin a legal assistant at Jackson Lewis, LLP, in Vienna, Virginia. Plaintiff's counsel addressed the Summons to the undersigned counsel. The Summons on its face states:

> Serve counsel: Michael Petkovich, Esq.
> Jackson and Lewis
> 8614 Westwood Center Drive
> Vienna, Virginia 22182

*See* (*Summons in a Civil Case attached as Exhibit 1*). Irwin subsequently delivered the Summons and Complaint to the undersigned counsel. To date, Plaintiff has failed to file the affidavit of service. Jackson Lewis's legal assistants are not authorized by The Arc to accept service of process in this matter. The Arc did not authorize the undersigned to accept service of process on their behalf. Counsel for Plaintiff failed to obtain a waiver

of service as required by Federal Rule of Civil Procedure 4(d). Defendant identifies its corporate officers at the end of its annual report. *See* (*2005 Annual Report p. 11; attached as Exhibit 2*). Defendant's annual report is made available to the public on the internet. Plaintiff failed to serve The Arc with the Summons and Complaint by any other method.

### III.     ARGUMENT

#### A.     The Summons Is Defective & Service Was Improper

Service of process must comply with the requirements of Federal Rule of Civil Procedure 4. As explained below, the Summons in this case fails to comply with Rule 4 and is invalid. In addition, counsel for Plaintiff failed to serve the Summons and Complaint on the proper party. Accordingly, for these reasons and those contained below, the Court should quash service of process.

#### 1.     The Summons Is Facially Invalid

Federal Rule of Civil Procedure 4(a) requires that a summons "be directed to the defendant." In the case of a corporation Federal Rule of Civil Procedure 4(h)(1) requires that the summons be directed to "an officer, a managing or general agent or to any other agent authorized by appointment or law to receive service of process" for Defendant. *Id.* In the present case, the Summons is not directed to Defendant's corporate officers. *See* (*Exhibit 2*). Instead, it is directed to undersigned counsel. *See* (*Exhibit 1*). Undersigned counsel is not a corporate officer of the Defendant. Accordingly, Plaintiff's Summons is defective on its face and pursuant to Federal Rule of Civil Procedure 12(b)(4) should be quashed.

### 2. Attempted Service Was Ineffective

Federal Rule of Civil Procedure 4(h) provides the various methods of acceptable service of process on a corporation. Pursuant to Rule 4(h) service upon a corporation must be done "in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent or to any other agent authorized by appointment or law to receive service of process." Fed. R. Civ.P 4(h)(1); *see also Lennon v. McClory*, 3 F. Supp. 2d 1461, 1463 (D.D.C. 1998). Attempting service on the undersigned attorney is not among the approved methods of service in Rule 4.

Furthermore, even if service on an attorney was sufficient to satisfy the requirements of the rules, service on a legal assistant is insufficient. *See Larry M. Rosen & Associates, Inc. v. Hurwitz*, 465 A.2d 1114, 1117 (D.C. 1982)(acceptance of service by receptionist insufficient to demonstrate service to proper agent of corporation). In *Larry M. Rosen*, 465 A.2d at 1117, the D.C. Court of Appeals found service was insufficient, noting:

> A receptionist in one's office, even if authorized to sign for and open all of the mail, is not necessarily authorized to accept service of process.

*Id.* at 1117. Here, as in *Rosen*, service on a legal assistant was clearly improper and granting a motion to quash service pursuant to Federal Rule of Civil Procedure 12(b)(5) is therefore appropriate.

### 3. Conclusion

As explained above, the Summons in this case is directed to an improper party and is therefore, invalid. Neither the person Plaintiff actually served nor the person to

whom Plaintiff addressed the Summons is authorized by Defendant to accept service of process. Accordingly, pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), Plaintiff's attempted service of a facially invalid Summons should be quashed.

### B.     The Complaint Against The Arc Should Be Dismissed

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve the summons and complaint within 120 days of the date the complaint was filed. Rule 4(m) provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . .

*Id.* In this case, the Complaint was filed on July 15, 2005. On April 6, 2006, this Court *sua sponte* ordered this matter dismissed without prejudice for failure to prosecute. On June 13, 2006, this Court granted counsel for Plaintiff's request to reopen this case and unseal the Complaint.

Once the record was unsealed by the Court's order of June 13, 2006, Plaintiff had 120 days in which to serve the Complaint. Accordingly, the time-period for service under Rule 4(m) expired on October 11, 2006. Opposing counsel failed to attempt to serve the Complaint until January 12, 2007 – about seven months after this Court reversed its Order dismissing this action for failure to prosecute. Clearly, Plaintiff has not complied with the service requirements of Rule 4(m) and Plaintiff's Complaint should be dismissed.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant asks the Court to grant this motion to quash service and to dismiss the Complaint.

                                                Respectfully submitted,

                                                **JACKSON LEWIS LLP**

January 31, 2007                                  By: /s/_____
                                                      Michael N. Petkovich (D.C. Bar No.461244)
                                                        8614 Westwood Center Drive, Suite 950
                                                        Vienna, Virginia 22182
                                                        (703) 821-2189
                                                        (703) 821-2267 (fax)
                                                        *Attorney for Defendant*