## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                               )
**Lowry Martin,**                              )
        Plaintiff,                     )    Civil Action No. 05-01411
         v.                          )
                                               )
**The Arc of the District of Columbia**        )
        Defendant.                     )
_____)

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH SERVICE AND DISMISS THE COMPLAINT

Plaintiff Lowry Martin respectfully opposes Defendant's *Motion to Quash Service and Dismiss the Complaint.*   Defendant's arguments have no merit.   In addition, Defendant's motion contains purported factual statements that Defendant knew to be false, or should have known to be false and baseless, at the time it filed its *Motion to Quash*; accordingly, Defendants are in violation of F.R.C.P. 11.

**I.   Plaintiff Timely Served the Complaint on Defendant**

    **A.   The "Whistleblowing" Statutes Required Plaintiff to Delay Service of the Complaint on Defendant, The ARC, until the Court Unsealed the Record**

Although Defendant makes numerous references to the Complaint being filed on July 15, 2005, and that Fed. R. Civ. P. 4(m) requires that the Complaint be served within 120 days of the filing of the Complaint (e.g., *Def.'s Memorandum in Support of Motion*, at 1 and 5), Defendant concedes, on page 5 of its *Memorandum*, that, in this "whistleblower" case, the date by which timely service is determined does *not* run from the date that the Complaint was *filed*, but rather, from the date that the record was *unsealed*.[1]

_____

[1] When the case was filed on July 15, 2005, the Clerk specifically did not create a summons for Defendant because The False Claims Act, 31 U.S.C. §§ 3729-3733 and the D.C. Whistleblower Protection Act, DC Code §1-615.53, required that the case be filed under seal while the government entities providing funds to the ARC investigated and decided whether they would

Once the record was **unsealed** by the Court's order of June 13, 2006, Plaintiff had 120 days in which to serve the Complaint. (Emphasis added)[2]

The Defendant has misrepresented the record, however, regarding the date that the record was, in fact, unsealed. As this Court explicitly stated, in its Order of **December 20, 2006** (Docket # 8):    …

> **ORDERED** plaintiff's Motion for a Status Conference, or in the alternative to Reopen Case and Unseal the Record is **GRANTED**. Notwithstanding the Court's Order of June 13, 2006, this case has remained sealed to date; therefore it is
>
> **FURTHER ORDERED** that the entire case is **UNSEALED**;…

The date from which the Complaint could legally be served therefore runs from the date **December 20, 2006** – *not* **June 13, 2006** (and certainly not July 15, 2005).

This Court had attempted to grant Plaintiff's *Motion to Reopen her Case and Unseal the Record* (Docket #4) (attached), incorporated by reference herein, on June 13, 2006 (Minute Order);[3] however, the Clerk of the Court failed to unseal the record. The record remained sealed and no summons could be issued against the Defendant. Moreover, Plaintiff was completely unaware that her motion had been granted.[4]

---

intervene. Plaintiff was prohibited, by statute, from serving the Complaint on the ARC before the government agencies made these determinations and the record was unsealed.

[2] Based on its erroneous control date of June 13, 2006, Defendant computed the deadline for serving the Complaint as October 11, 2006.

[3] On April 6, 2006, this Court dismissed, without prejudice, Plaintiff's case for failure to prosecute; however, neither Plaintiff nor her counsel had neglected or forgotten her case. They were appropriately awaiting decisions from the Government of the District of Columbia and the United States Department of Justice, with respect to whether they will intervene in her *qui tam* litigation, as is required by The False Claims Act, 31 U.S.C. §§ 3729-3733 and the D.C. Whistleblower Protection Act, DC Code §1-615.53.

[4] Since the record was still sealed, neither the filings nor the Court's Order were uploaded on the electronic filing system. Not even the docket was accessible, other than the case heading and notice that the case was sealed. The Court, assuming that the record had been unsealed, relied on the electronic filing and service system to inform Plaintiff of the Order and therefore did not send a

Because Plaintiff had heard nothing from the Court regarding her April 24, 2006 *Motion to Reopen*, on November 20, 2006, she filed a *Motion for a Status Conference, or in the Alternative, for Oral Argument on her Motion to Reopen the Case and Unseal the Record* (Docket # 6). On November 28, 2006, this Court granted Plaintiff's motion and set a hearing date for December 14, 2006 (Minute Order).

On December 12, 2006, the undersigned filed a *Motion to Convert Status Conference to Telephone Conference, or in the Alternative, Motion to Continue*, due to an injury to her leg, temporarily limiting her mobility. On December 13, 2006, the undersigned called Judge Sullivan's clerk to call attention to the motion, since an immediate decision was necessary, with the hearing scheduled for the next day. During that conversation, Judge Sullivan's clerk informed Plaintiff's counsel that Judge Sullivan had granted her motion on *June 13, 2006* and ordered that the case be unsealed so that she could serve her Complaint on the ARC; however, he recognized that the case was still sealed, as of *December 12, 2006*, that Plaintiff had not been electronically or otherwise served with Judge Sullivan's June 13, 2006 Order and that Plaintiff still could not access the docket electronically. He assured the undersigned that he would contact the Clerk of the Court and ensure that the record was unsealed so that it could proceed.

**The record was, in fact, unsealed, on December 20, 2006, and not before that date, as is clearly stated in Judge Sullivan's December 20, 2006 Order (Docket # 8)**. Plaintiff requested the summons from the Clerk of the Court on January 8, 2007. The Clerk of the Court prepared that summons on January 11, 2007. Plaintiff served the Complaint upon Defendant's counsel the very next day, January 12, 2007. The time between the date that the Court actually

---

copy of the Order by regular mail. Plaintiff's counsel was therefore completely unaware of the Court's June 13, 2006 Minute Order when it was issued.

unsealed the Record (as opposed to when Judge Sullivan first intended that the Clerk unseal the record) was twenty-five (25) days – certainly far below the 120 day period that Plaintiff was permitted to serve Defendant with the summons.[5]

### B. Defendant's Allegations of Untimeliness are Frivolous, in Violation of Rule 11

Because Judge Sullivan's December 20, 2006 Order clearly states that, despite his June 13, 2006 Order to unseal the record, it remained sealed until December 20, 2006, Defendant could not, in good faith or with due diligence, have believed that the record was unsealed on June 13, 2006. Moreover, prior to Defendant's filing of its *Motion to Quash*, Defendant's counsel, Michael Petkovich, called the undersigned to discuss his motion to quash. The undersigned explained that the record was not unsealed on June 13, 2006, but rather, was not unsealed until December 20, 2006, and that the summons was therefore timely served. The undersigned specifically directed Mr. Petkovich to the relevant filings clearing up the confusion regarding the operative dates. She also offered to call Judge Sullivan's chambers, with Mr. Petkovich, for a conference call to clarify any remaining confusion. Mr. Petkovich said that this would be unnecessary and that if the record demonstrated that what the undersigned said was true, he would withdraw his motion, which he believed had been filed.

In fact, Defendant did not file its *Motion to Quash* until day days after his conversation with the undersigned. Despite the record's clear confirmation of the undersigned's statements, Defendant filed its motion, containing the meritless argument of untimeliness and made false representations of fact to support its frivolous motion. To date, Defendant has not withdrawn any of the arguments in its *Motion to Quash*, nor has it corrected its blatantly false

---

[5] In fact, even if Defendant had legitimate grounds for challenging the manner of service, Plaintiff would still have plenty of time to "re-serve" the Complaint upon anyone whom the Defendant designates.

representations, including, but not limited to, the following:

    1)   "After opposing counsel failed to serve the Complaint and failed to litigate this matter, this Court dismissed this action without prejudice by order dated   April 6, 2006." *Def.'s Memorandum in Support of Motion*, at 1.

        Defendant's statement that Plaintiff' failed to prosecute her case is false.  As stated in her April 24, 2006 *Motion to Reopen* (Docket #4), Plaintiff's counsel did not "fail to litigate" this case, but followed the statutory mandates of the federal and D.C. "Whistleblower" statutes.  The Court implicitly acknowledged that Plaintiff had not failed to prosecute her case by granting her *Motion to Reopen*, without opinion, based on her factually representations and legal arguments.

    2)   "On June 13, 2006, the Court granted Plaintiff's Motion to Reopen Case and Motion to Unseal the Case (sic).  Counsel for Plaintiff did not take any action in this matter until the recent attempt to serve the Complaint." *Def.'s Memorandum in Support of Motion*, at 2.

        Defendant's statement that the undersigned did not take any action in this case between June 13, 2006 and January 12, 2007, is blatantly false.  Plaintiff's filings/motions of November 11, 2006 (Dockets #s 5 and 6), and December 12, 2006 (Docket # 7), clearly demonstrate that the undersigned was actively pursuing this case during the period between June 13, 2006.  Moreover, as discussed above, the undersigned was completely unaware of the Court's June 13, 2006 Order until December 20, 2006, when Judge Sullivan essentially reissued his June 13, 2006 Order, recognizing that no one had received it.

**II.  Plaintiff Served Defendant's Counsel, Mr. Petkovich, because Mr. Petkovich Specifically Directed Plaintiff's Counsel to Direct all Communications with the ARC to him, as Counsel for the ARC**

        On pages 2-5, Defendant argues that service was improper because Plaintiff served the ARC's counsel, Mr. Petkovich, and not the ARC's corporate officers; however, the only reason that the undersigned even knew the name of the ARC's counsel

was because Mr. Petkovich specifically told the undersigned, in July and August of 2004, that he was representing the Arc in this matter and that *she should direct all correspondence to his law firm*, Jackson, Lewis, LLP!

The law firm's express representations forbade Plaintiff from contacting Defendant directly and clearly indicated that the law firm had express authority to accept process on behalf of the Defendant, for purposes of any litigation instituted by Ms. Lowry Martin regarding the claims at issue in this litigation.  These representations bring the law firm within the definition of "any other agent authorized by appointment or law to receive service of process, within the meaning of Fed. R. Civ. P. 4(h)(1).

On July 20, 2004, the undersigned wrote to the ARC's Director, Ms. Mary Lou Meccariello, in an attempt to settle this matter without litigation.  (**Exhibit A**) Per instruction from the ARC, on August 8, 2004, the undersigned forwarded the July 20, 2004 letter, with a cover letter, to Robert A. Anderson, PHD, President, Board of Directors with copies to all other members of the Board.  (**Exhibit B**)  In August of 2004, in response to her August 8, 2004 letter to the Board, the undersigned received a call from Michael Petkovich, of Jackson, Lewis, LLP, stating that his firm represented the ARC and that all communications regarding any claims by Ms. Lowry Martin against the ARC should be directed to his firm.  Mr. Petkovich and the undersigned discussed possible settlement, to no avail.

On March 30, 2005, before instituting this litigation, the undersigned again attempted to settle this case without filing a Complaint.  Having been informed that the ARC was represented by counsel, she wrote to the ARC's counsel, Mr. Petkovich, at Jackson, Lewis, LLP (**Exhibit C**).   Of course, she was *ethically obligated to*

communicate with the ARC's counsel and *could not* ethically contact the ARC's corporate directors or Board of Directors directly, since she had been advised by Jackson, Lewis, LLP not to contact its client, the ARC, directly.   On May 10, 2005, the undersigned wrote to Mr. Petkovich revising her demand because Ms. Martin had obtained part-time employment, reducing the amount of her damages. (**Exhibit D**)

After specifically representing to the undersigned that his firm represents the ARC with respect to Ms. Martins' claims, and directing the undersigned to communicate with his client only through his firm, Mr. Petkovich now argues that the undersigned *should not* have communicated with his client through his firm, but instead, should have directly served the Complaint upon his client, bypassing him and his firm's representation!  No doubt, had the undersigned done so, Mr. Petkovich would now be arguing that service was improper and harassing because the undersigned violated her ethical obligations to communicate with his client only through counsel, once she learned that the ARC was represented by counsel.

Mr. Petkovich has improperly withheld from this Court the fact that he instructed the undersigned to communicate with the ARC only through his firm.  The undersigned and Mr. Petkovich also discussed this fact *via* telephone before the ARC filed this motion, at the conclusion of which Mr. Petkovich indicated that he may withdraw the motion.   Mr. Petkovich's filing of this motion, as his failure to withdraw it, again violates Rule 11 because it is frivolous and misrepresents the facts – in this instance, by deliberately withholding material facts.

### III. Jackson and Lewis' Legal Assistant had Actual Authority or Apparent Authority, to Accept Service for the Law Firm

The Complaint and summons were personally served upon the law firm of Jackson and Lewis by Miguel Gallardo. (**Exhibit E**) Mr. Gallardo physically went to the business address of Jackson Lewis, LLP, at 8614 Westwood Center Drive, Suite 950, Vienna, Virginia 22182. He approached the reception desk and was greeted by a woman who identified herself as Ms. Noren Koshov (not Mary Irwin, the "legal assistant" identified by Defendant on page 2 of its Memorandum). (**Exhibit E**) Ms. Koshov wrote out her unusual name for Mr. Gallardo.

Mr. Gallardo specifically informed Ms. Koshov of his purpose of serving a Complaint against the firm's client, the ARC of the District of Columbia, represented by Michael Petkovich. (**Exhibit E**) Ms. Koshov inspected the Complaint and told Mr. Gallardo that she was authorized to accept it for Mr. Petkovich. Ms. Koshov, either had actual authority or apparent authority to accept the Complaint on behalf of the firm's client, the ARC.

Defendant's reliance on *Rosen v. Hurwitz*, 465 A.2d 1114, 1117 (D.C. 1982) is misplaced. In that case, the trial judge had issued a default judgment against the defendants and sanctioned both the defendants and their attorneys for dilatory and abusive litigation tactics. Even though the Court found that service, by certified mail to the corporation and opened by a receptionist, was not proper service, the Court only vacated the default judgment and remanded the case for trial. The Court did not dismiss the Complaint, as Defendants in this case request. In addition, the present case is not comparable to one in which the Complaint and summons were served by mail, with no control over who opened the mail. In this case, Mr. Gallardo personally served the law

firm, stated his purpose and asked who was authorized to accept service of the Complaint.

In *Rosen*, the plaintiff did not serve the corporation's identified counsel, but rather, served the corporation directly, by mail; accordingly, the receptionist may not have been authorized to accept service of process. This receptionist, in a corporation, is distinguished from a law firm that has expressly identified itself as representing the corporation in the matter at issue. Finally, the Court in *Rosen* did not hold that a receptionist or other support staff member can *never* be authorized to accept service of process; it only held that a receptionist "is not *necessarily* authorized to accept service of process." Where she expressly represents to a process server that she is authorized to accept it, then she either does have said authority or has apparent authority to do so.

It is also noteworthy that, in *Rosen*, Defendants' counsel assisted in arranging "proper" service of his clients. In the present case, Defendant's counsel appears to be thwarting service. Since Plaintiff has at least two more months in which to serve Defendant, she is certainly willing, if necessary, to re-serve the Complaint and Summons in the fashion designated by the Court, with the assistance of Defendant's counsel – even this would be an exercise in wasted time for all concerned, since Defendant's counsel has the Complaint and has certainly transmitted it to his client.

## CONCLUSION

Defendant's motion should be denied. In addition, Plaintiff respectfully asks that the Court exercise its inherent powers and sanction Defendant, pursuant to F.R.Civ.P. 11, in order to deter future misrepresentations to the Court and waste of the Court's time, as well as to compensate Plaintiff's counsel for the time she has had to waste responding to

Defendant's abusive and frivolous motion.

Respectfully submitted,


Dawn V. Martin, Esquire
D.C. Federal Bar No. 412348
*Law Offices of Dawn V. Martin*
1725 I Street, Suite 300
Washington, D.C. 20006
(202) 408-7040 telephone
(703) 642-0208 *facsimile*
DVMARTINLAW@yahoo.com
www.dvmartinlaw

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
**Lowry Martin,**                           )
                Plaintiff,                   )        Civil Action No. 05-01411
                v.                           )         EGS
                                            )
**The Arc of the District of Columbia**      )
                Defendant.                   )
_____)

**ORDER**

     Upon consideration of Defendant's Motion to Quash Service and Dismiss the

Complaint, Plaintiff's Opposition and the entire record herein, Defendant's motion is

**DENIED**.


**SO ORDERED.**



                                    _____
                                    The Honorable Emmet G. Sullivan
                                    U.S. District Court for the District of Columbia

11