

# *Law Offices of Dawn V. Martin*

Specializing in Equal Employment Opportunity Law and Personal Injury Law

| | |
|---|---|
| 1090 Vermont Avenue | Telephone: (202) 408-7040 |
| Suite 800 | FAX:         (703) 642-0208 |
| Washington, D.C. 20005 | DVMARTINLAW@yahoo.com |
| Website:  www.dvmartinlaw.com | |

May 10, 2005

Michael Petkovich, Esquire
Jackson and Lewis
8614 Westwood Center Drive
Vienna, Virginia 22182

**By mail and** *facsimile* **(703) 821-2267**

Re: **Litigation against ARC for Termination of Ms. Lowry Martin**

Dear Mr. Petkovich:

     On March 30, 2005, I wrote to you regarding the potential claims of Ms. Lowry Martin (Attachment A), against the ARC of the District of Columbia, as outlined in my letter of July 20, 2004 (Attachment B).  I received no response to this correspondence, although I sent it by both *facsimile* and first class mail.  I indicated, in that letter, that if I received no response, I would begin drafting a Complaint for Ms. Martin within the following week.  Unfortunately, Court deadlines and urgent matters in other cases prevented me from filing a Complaint at that time; however, I have now begun drafting Ms. Martin's Complaint.

     Since my letter of March 30, 2005, however, there is good news for both Ms. Martin and the ARC.  As I stated in my letter of March 30, 2005, Ms. Martin had just secured part-time employment and was scheduled to begin the new job on April 4, 2005, at the rate of $12.00, for twenty hours per week, as a job coach for persons with physical disabilities and continues to seek full time employment.  After she began this job, Ms. Martin was offered a full-time position, at least through July of 2005, at a rate of $16.00 per hour.  Ms. Martin hopes that the position will continue to be full-time after July, or that she is transferred to another full time position when this assignment ends.

     Since Ms. Martin is back at work and in her field, she is optimistic that her period of unemployment has ended.  Assuming that her expectations are fulfilled, Ms. Martin's continued full-time employment will decrease the total damages caused by the ARC; accordingly, Ms. Martin is willing to forego her previous demand for front-pay and is now seeking only back-pay

for the time that she was unemployed, as a result of her termination by the ARC.

Because Ms. Martin's complaint includes a "whistleblower" or "*qui tam*" claim, before it is filed, it must be served on the federal funding agency. The Complaint must be filed shortly thereafter, however, since Ms. Martin's D.C. intentional tort claims, such as intentional infliction of emotional distress, would be barred by the statute of limitations if not filed before her termination date of July 19, 2004.

For the reasons discussed above, Ms. Martin hereby modifies her previous demand and seeks the following remedy.

1) Back pay, in the amount of 10 months salary, now estimated at $33,000, minus the $7,200 unemployment[1] that she received and $790 that she has received from her new position, resulting in lost income of $25,000.

2) develop a rehabilitative and/or recreational plan for the persons with mental retardation who are awaiting jobs and sit at ARC without activities day after day;

3) compensate Ms. Martin, in the amount of $10,000, for the emotional distress that she has suffered as a result of ARC's intentional breach of her employment contract, deprivation of her contractual rights and intentional infliction of emotional distress by support of a co-worker's harassment of her, causing a hostile work environment;

4) pay Ms. Martin's attorneys' fees (currently $13,200.00, including 33 hours of work, at a rate of $400.00 per hour). (See website for *Law Offices of Dawn V. Martin* at www.dvmartinlaw.com)

You may write or call my office to discuss possible resolution of this matter. If I do not receive a response within seven (7) days, however, I will assume that you are not interested in resolving this matter without litigation and will serve the Complaint upon the funding government agencies, consistent with *qui tam*, or "whistleblower" litigation and then file in Federal District Court for the District of Columbia.

                         Sincerely,

                         Dawn V. Martin, Esquire

---

[1] Ms. Martin received unemployment benefits because the ARC admitted that Ms. Martin was terminated for "no reason." This admission, the affidavits of support from ARC clients and their parents/guardians and the termination of Annetta Graham all demonstrate that Ms. Martin performed her job in an exceptional manner and that the ARC improperly refused to process Ms. Martin's grievance against Ms. Graham. Instead of following its own written employment procedures and policies with respect grievances, the ARC's managers fired Ms. Martin for expressing her concerns that the ARC was not fulfilling its obligations to its clients in accordance with the terms of the government funding it received. Ms. Martin was specifically chastised for raising these issues in her grievance and warned not to speak to funding agencies, under any circumstances. These facts form the basis of Ms. Martin's whistleblower claim, in addition to her breach of contract and intentional infliction of emotional distress claims.