UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lowry Martin ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:05CV01411 |
| v. ) | |
| ) | Judge Emmet G. Sullivan |
| ) | |
| The Arc of the District of Columbia ) | |
| ) | |
| Defendant. ) | |

### REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO QUASH SERVICE AND DISMISS THE COMPLAINT

Defendant The Arc of the District of Columbia, Inc. ("The Arc"), through counsel, submits this Reply Brief in Support of its Motion to Quash Service of Process and Dismiss the Complaint.

**I.    SUMMARY**

**A.  Plaintiff Failed To Properly Serve The Complaint**

Under Federal Rule of Civil Procedure 4(h) proper service on a corporation is made by delivering a copy of the summons and complaint to a corporate officer or registered agent authorized to accept service of process. Here counsel for Plaintiff admits that that the Summons and Complaint were delivered to a person named Noren Koshov[1] at the law firm of counsel for Defendant. As a matter of undisputed fact and law, service of the Summons and the Complaint to some unknown person at the law firm of counsel for Defendant is improper service. Counsel for Defendant is not a corporate officer or registered agent authorized to accept service of process on behalf of Defendant and counsel for Plaintiff admittedly never obtained an executed waiver granting permission to

---

[1] Contrary to the declaration of Plaintiff's process server, Jackson Lewis LLP does not have an employee named, Noren Koshov and has never employed anyone by that name. (*See* DC Region Phone Extension List – Exhibit 1).

serve counsel for Defendant. Therefore, Defendant's motion to quash service of process should be granted.

### B. Plaintiff Failed To Serve The Complaint On Time

On July 15, 2005, Plaintiff filed the Complaint under seal. Counsel for Plaintiff contends that on January 12, 2007, Plaintiff purportedly served the Complaint. Plaintiff is incorrect when she argues that the inordinate delay in serving the Complaint is justified by the provisions of the False Claims Act, 31 U.S.C. 3729 *et seq.* ("FCA")[2]. The FCA only requires that an action remain under seal for 60 days. Under the rules, Plaintiff should have requested that the court unseal the Complaint in October 2005.

Contrary to counsel for Plaintiff's arguments, Plaintiff had no basis as a matter of law to file this Complaint under seal. The FCA only requires the filing under seal of civil actions to recover monies on behalf of the U. S. government. The Complaint does not seek to recover any money on behalf of any government. Rather, Plaintiff seeks to recover damages on her own behalf. The FCA does not require any plaintiff to file an action under seal where, as here, the plaintiff is claiming retaliation. There was no basis in law or fact for counsel for Plaintiff to file the Complaint under seal in the first instance. There was no basis in law or fact for counsel for Plaintiff to wait roughly nine months to request that the seal be lifted. There certainly no basis in law or fact for counsel to wait about eighteen months to attempt to serve Defendant for the first time (albeit improperly). Accordingly, the Court should dismiss the present Complaint pursuant to Federal Rule of Civil Procedure 4(m).

---

[2] Section 1-615.51 of the D.C. Whistleblower Act does require that a complaint be filed under seal.

**II.    FACTS**

Undersigned counsel has represented Defendant previously in the pre-litigation phase of this matter and has communicated with Plaintiff's counsel in the past. During those communications, Plaintiff's counsel never contacted the undersigned counsel to request that Defendant waive service of process. Plaintiff's counsel never inquired if undersigned counsel is an agent authorized to accept service of process on behalf of Defendant. Undersigned counsel never told Plaintiff's counsel to serve process on me or anyone else at Jackson Lewis LLP.[3].

Plaintiff filed the Complaint on July 15, 2005 under seal. On August 8, 2005, Plaintiff served notice of this lawsuit on the U.S. Attorney General. On April 6, 2006, this Court *sua sponte* dismissed this action without prejudice. On April 24, 2006, Plaintiff's counsel filed a motion to re-open and unseal the case with a memorandum in support. In her April 24, 2006, memorandum in support, Plaintiff argued that she was awaiting decisions of the U.S. and D.C. governments on whether they wanted to participate in Plaintiff's *qui tam* action.

The next action the counsel for Plaintiff took was on November 20, 2006, when she notified the Court of her change of address. That same day, counsel for Plaintiff requested a status conference and filed a motion to re-open and unseal the case. The motion was almost identical to her April 24, 2006 motion. On December 20, 2006, the

---

[3] Plaintiff's request for Rule 11 sanctions is not properly before the Court. *See* Federal Rule of Civil Procedure 11(c)(1)(A). Notwithstanding, Defendant's counsel asserts that based on the available record in this case he has non-frivolous, good faith belief in the factual assertions that he has made and the claims and defenses that he has asserted in this matter. The Docket indicates that this matter was unsealed on June 13, 2006. Specifically the Docket Entry states:
 MINUTE ORDER granting 4 Motion to Reopen Case, granting 4
 Motion to Unseal Case. Signed by Judge Emmet G. Sullivan on June
 13, 2006.
When Defendant's counsel spoke with Plaintiff's counsel, she did not provide any evidence to corroborate her contention that she was unaware of the Court's June 13, 2006, order unsealing the case.

3

Court once again unsealed the case. On January 12, 2007, counsel for Plaintiff attempted to improperly serve the Complaint and Summons on undersigned counsel.

### III.    ARGUMENT

#### A.    Service Of Process Was Improper

Under Federal Rule of Civil Procedure 4(h) proper service upon a corporation must be done "in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent or to any other agent authorized by appointment or law to receive service of process." Fed. R. Civ. P 4(h)(1). Here counsel for Plaintiff admits that the Summons and Complaint were not served on Defendant's corporate officer or registered agent. Under Federal Rule of Civil Procedure 4(d), a plaintiff may obtain a waiver, which allows a plaintiff to serve counsel for the defendant. Here again, counsel for Plaintiff admits she did not obtain a waiver. Instead, opposing counsel directed that the Summons and Complaint be served at the law offices of counsel for Defendant. As a matter of law, this is improper service. Defendant requests that the Court grant its motion to quash service of process.

#### B.    The Whistleblower Statute Does Not Excuse Plaintiff's Lengthy Delay

Section 3730(b)(2) of the FCA only requires a plaintiff to wait 60 days before requesting that the case be unsealed in order to serve the Summons and Complaint on defendant. 31 U.S.C. § 3730(b)(2). Specifically the relevant portion of section 3730(b)(2) requires:

> The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

*Id.* In *United States ex rel. Thompson v. Hays*, 432 F. Supp. 253, 257 (D.D.C. 1976) the court held that the United States must act within sixty days of service upon the U.S. Attorney General of a copy of the complaint along with the required disclosure of relator's evidence. *Id.* Plaintiff's argument that her delay in serving process is excused because she was waiting for the United States to intervene in the case is misplaced.

In the present case, Plaintiff filed the Complaint under seal on July 15, 2005 and served the Complaint on the Attorney General on August 8, 2005. The period during which the U.S. government could have elected to intervene expired in October 2005. Under the FCA, Plaintiff should have requested that the court unseal the Complaint in October 2005. Plaintiff was untimely in requesting that the Court unseal this case. Plaintiff asked the Court to unseal the Complaint only after the Court had already dismissed the case *sua sponte* for failure to prosecute. In Plaintiff's April 24, 2006, motion and her subsequent motion dated November 20, 2006, counsel for Plaintiff contends that she:

> [H]as been awaiting the decisions from the Government of the District of Columbia and the United States Department of Justice, with respect to whether they will intervene in her *qui tam* litigation, as is required by the False Claims Act . . . . . . before requesting that this Court unseal the Complaint and allow Plaintiff to serve it upon the Defendant.

Plaintiff's allegation that for six-months she was awaiting the intervention of the U.S. government in her case is clearly contrary to the FCA's statutory framework and does not excuse her delay in prosecuting this case.

### C. The FCA's File Under Seal Provisions Are Inapplicable

It was improper for Plaintiff to have filed the present case under seal. Section 3730(b) of the FCA requires the filing under seal of civil actions to recover monies on behalf of the U.S. government. Specifically section 3730(b) requires:

> (b) Actions by private persons.
>
> (1) A person may bring a civil action for a violation of section 3729 [31 U.S.C § 3729[4]] for the person and for the United States Government. **The action shall be brought in the name of the Government.** The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.
>
> (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. **The complaint shall be filed in camera, shall remain under seal for at least 60 days,** and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

31 U.S.C. § 3730(b)(emphasis added). Contrary to counsel for Plaintiff's arguments, Plaintiff had no basis as a matter of law to file this Complaint under seal. The FCA only requires the filing under seal of civil actions to recover monies on behalf of the U. S. government.

In the present case, Plaintiff did not bring the action in the name of the U.S. government. Plaintiff is not seeking to recover under the FCA monies fraudulently obtained from for the United States. The Complaint does not seek to recover any money on behalf of any government. Rather, Plaintiff seeks to recover damages on her own

---

[4] Section 3729 of the FCA provides the liability standard for presenting false claims to the United States.

behalf based on Defendant's decision to terminate Plaintiff. (Complaint ¶ 97). Section 3730(h) of the FCA creates a private cause of action for retaliation and does not contain a requirement that a Plaintiff file the complaint under seal. The FCA does not require any plaintiff to file an action under seal where, as here, the plaintiff is only claiming retaliation.

There was no basis in law or fact for counsel for Plaintiff to file the Complaint under seal in the first instance. There was no basis in law or fact for counsel for Plaintiff to wait roughly nine months to request that the seal be lifted. There certainly no basis in law or fact for counsel to wait about eighteen months to attempt to serve Defendant for the first time (albeit improperly).

Under Federal Rules of Civil Procedure 4(m), a complaint must be served within 120 days of filing. Plaintiff filed the Complaint on July 15, 2005 and Plaintiff has not served Defendant to date. Plaintiff's decision to file the Complaint under seal had no basis in law or fact and cannot serve as justification for not serving Defendant for over eighteen months and counting. Therefore, the Complaint should be dismissed under Rule 4(m).

### III. CONCLUSION

For the foregoing reasons and the reasons stated in Defendant's memorandum in support, Defendant requests that the Court grant its Motion to Quash Service and Dismiss the Complaint, accordingly, all claims against The Arc should be dismissed.

                                      Respectfully submitted,

                                      **JACKSON LEWIS LLP**

February 21, 2007                    By: /s/_____
                                      Michael N. Petkovich (D.C. Bar No.461244)
                                      8614 Westwood Center Drive, Suite 950
                                      Vienna, Virginia 22182
                                      (703) 821-2189
                                      (703) 821-2267 (fax)
                                      *Attorney for Defendant*