**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
**Lowry Martin,**                       )
      Plaintiff,                     )   Civil Action No. 05-01411
      v.                             )
                                        )
**The Arc of the District of Columbia** )
      Defendant.                     )
_____)

**PLAINTIFF'S MOTION TO STRIKE DEFENDNANT'S PURPORTED "REPLY" TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH SERVICE AND DISMISS COMPLAINT**

Plaintiff Lowry Martin respectfully moves to strike Defendant's purported "*Reply*" to her *Opposition to Defendant's Motion to Quash Service and Dismiss the Complaint* (Docket #13).

I. **Defendant has Improperly Raised New Arguments in a Purported "*Reply*"**

A Reply to an Opposition to a motion may only address the points made by the opposing party in its opposition. A Reply may not raise entirely new arguments that could have been made in the original motion. Defendant's "Reply" makes entirely new arguments, in direct opposition to its admissions in its original motion; therefore, it must be stricken.

Defendant has filed a "Reply," arguing that Plaintiff untimely served the summons and Complaint in this case because Plaintiff:

1) should have served the Complaint within 120 days of July 15, 2005, the date that she filed the Complaint because, and that the Complaint never should have been filed under seal;[1] and/or[2]

---

[1] It was actually the Office of the Clerk of the Court that *required* filed the Complaint under seal and refused to prepare a summons for the ARC, preparing them for the government agencies instead, instructing the undersigned, in accordance with the "Whistleblower Act," that she could not serve the Defendant until the government had an opportunity to intervene.

[2] Defendant does not appear to have argued one as an alternative to the other, but has made both arguments, despite the fact that these arguments conflict with each other.

2) should have filed the Complaint under seal, but should have moved for it to be unsealed within 60 days of filing the Complaint because the Plaintiff is only *required* to allow the government 60 days to consider intervention.[3]

The Defendant never made either of these new arguments in its motion. **To the contrary,** Defendant agreed with Plaintiff, that "whistlblower" case was properly filed under seal and that the 120 days for service began to run on the date that the record was unsealed – not the date that it was filed. In its motion, Defendant specifically admitted:

> Once the record was **unsealed** by the Court's order of June 13, 2006, Plaintiff had 120 days in which to serve the Complaint. (Emphasis added)[4]

Defendant's *Memorandum in Support of its Motion* (hereinafter, "Def.'s Mot."), page 5.

In her Opposition, page 2, Plaintiff specifically quoted Defendant's concession, concluding:

> Defendant concedes that, in this "whistleblower" case, the date by which timely service is determined does *not* run from the date that the Complaint was *filed*, but rather, from the date that the record was *unsealed*.

Plaintiff thoroughly responded to the arguments made by Defendant in its motion. Defendant is not entitled to another "bite at the apple," changing and even contradicting its own motion's arguments and admissions in a *Reply* – which Plaintiff is not entitled to rebut. Defendant's *Reply*, or at least the new arguments made in Defendant's *Reply*, must be stricken.[5]

---

[3] Defendant has not cited any authority for is argument that the Plaintiff *must* move to unseal the record within 60 days rather than allow the government a longer time to consider intervention. In her Motion to Reopen the Case and Unseal the Record, Plaintiff's counsel specifically discussed her contacts with the government and the government's request for additional time to investigate the plaintiff's complaint to determine whether the government would intervene to recoup government funds provided to the ARC, allocated for the benefit of persons with disabilities seeking employment and training, where such employment and training were not being provided.

[4] Based on its erroneous control date of June 13, 2006, Defendant computed the deadline for serving the Complaint as October 11, 2006.

[5] Because Defendant failed to make these arguments in its Motion to Dismiss/Quash, it should not be permitted to file an entirely new motion for the same relief, based on new arguments; however, this would be a better alternative than to allow Defendant to make this argument in a Reply – to which

**II. Rule 11 Sanctions are Appropriate, Based on the Inherent Power of the Court**

In her *Opposition*, Plaintiff asked that this Court exercise its inherent powers and sanction Defendant for its false statements to this Court, where Defendant knew or should have known them to be false at the time it filed its *Motion to Quash*. Although Plaintiff is required to draft a motion and serve it upon Defendant, allowing 21 days to respond, before Plaintiff can file a motion for Rule 11 sanctions, the Court is authorized, based on its inherent authority, to sanction a party, *sua sponte*, for Rule 11 violations.

It was appropriate for Plaintiff to bring to the Court's attention Defendant's violations of Rule 11 and ask that the Court take appropriate action, which could include imposing Rule 11 sanctions. In its *Reply*, Defendant has compounded its false representations to the Court by continuing to insist that it had a good faith belief that the record was unsealed on June 13, 2006, and even alleging that Plaintiff's counsel was required to "provide evidence to corroborate her contention that she was unaware of the Court's June 13, 2006, order (sic) unsealing the case." Def.'s Reply, page 3, fn. 3. In fact, **this Court** corroborated the undersigned's "contention" that she did not receive notice of the June 13, 2006 Order. Thiis Court explicitly stated, in its Order of **December 20, 2006** (Docket # 8):    …

> **ORDERED** plaintiff's Motion for a Status Conference, or in the alternative to Reopen Case and Unseal the Record is **GRANTED**.   Notwithstanding the Court's Order of June 13, 2006, this case has remained sealed to date; therefore it is
>
> **FURTHER ORDERED** that the entire case is **UNSEALED**;…

---

Plaintiff is not entitled to respond.  If Defendant had filed these arguments in a motion, rather than in a Reply, Plaintiff would have 11 days to respond, thoroughly researching any issues raised and citing case law.  Because Defendant has filed these arguments in a Reply, its motion is ripe and the Court could rule on it at any time.  For that reason, Plaintiff was compelled to immediately file this Motion to Strike to bring the Court's attention to the improper arguments made in the Reply.

3

It is particularly inexcusable that Defendant continues to claim that the case was actually unsealed on June 13, 2006, when this Court's December 13, 2006 Order specifically states that contrary. Defendant's transgression is even more egregious since Plaintiff quoted the same passage of the Court's December 20, 2006 Order in her *Opposition*, page 2. If Defendant's counsel did not bother to read the Order before filing a motion to quash identifying the wrong date as the controlling date for service, certainly, when Plaintiff quoted the Order in her Opposition, Defendant could not claim continued ignorance and failure to read.

Defendant claims that it based its "good faith" belief that the record was unsealed based on a "Minute Order," dated June 13, 2006; however, it is undisputed that there is no electronic service of a "Minute Order" when a case is sealed. The Court has clearly acknowledged that the record was still sealed, as of June 13, 2006, and up to and December 20, 2006, when Judge Sullivan ensured that the error was corrected and the record was, in fact, unsealed.

In addition to Judge Sullivan's Order, the undersigned offered to participate in a conference call with Judge Sullivan's chambers so that his law clerk could confirm that the record was not unsealed on June 13, 2006 and that the Court was aware that it had therefore never served the undersigned with the June 13, 2006 Order. Defendant's counsel *declined* the conference call, indicating that he believed the undersigned. If the Court's December 20, 2006 Order, the word of the undersigned – an officer of the Court – and her offer to participate in a conference call in which *the Court* could confirm that she did not receive service of the June 13, 2006 Order is not enough corroboration, what possible corroboration is Defendant suggesting could she should have offered? Again, Defendant has filed arguments and statements made in bad faith and has wasted both the Court's time and the time of the undersigned.

The undersigned spent 7.0 hours researching and drafting the *Opposition to Defendant's Motion to Quash Service and Dismiss the Complaint*, including reviewing and incorporating all exhibits. In addition, she has spent 3.0 hours today drafting this *Motion to Strike*. The undersigned is entitled to a *Laffey* rate of $450.00 per hour, having practiced law for 25 years, specializing in employment law and civil rights. See www.dvmartinlaw.com. Appropriate compensation for the ten hours that the undersigned has had to waste on the frivolous filings and claims of Defendant therefore totals $4, 500.00.

III. **The Mysterious "Noren Koshov"**

Defendant has claimed that it has no employee named Noren Koshov;[6] yet, the process server, Mr. Gallardo, has sworn, under oath, that the person who represented to him that she was authorized, on behalf of Defendant's law firm, to accept the Complaint and Summons, identified herself as Noren Koshov and that she was the person seated at the firm's reception desk. Defendant admits that one of the firm's employees personally accepted the Complaint and Summons from the "process serve," but states that this person was "Mary Irwin," not "Noren Koshov."

Mr. Gallardo did not write his affidavit until after Defendant named the person whom he served as "Mary Irwin." It would certainly have been simple for Mr. Gallardo to name the person he served as "Mary Irwin" if he had not obtained a name of the person he served. Certainly, if he were to make up a name, he would choose a common one and hope that someone in the firm had the name. Mr. Gallardo has absolutely no motive for concocting another name for the person he served, when both parties agree that he did hand

---

[6] The self-serving telephone directory of the D.C. Office of Jackson and Lewis, prepared by Jackson and Lewis, does not constitute any more proof that it has not employee named Noren Koshov than its own statement in its Reply that it has no such employee.

the document to an employee of the firm who greeted him when he went to the firm to effect personal service.

Conspicuously missing from Defendant's *Reply* is an affidavit from Mary Irwin. If Mary Irwin had submitted an affidavit stating that she greeted Mr. Gallardo, gave him her correct name and told him that she was not authorized to accept service of a Complaint and Summons, there would be an issue of fact and credibility that might have to be determined at a hearing on the issue of service; however, the mysterious name issue only raises a question as to whether Mary Irwin, or someone else employed by the firm lied to Mr. Gallardo about her name.[7]

Defendant has not submitted evidence disputing Mr. Gallardo's sworn statement that the person who greeted him at the firm – whether her name is Mary Irwin or whether she identified herself with an alias -- specifically represented that she was authorized to accept service of the Complaint and Summons.

## **CONCLUSION**

Defendant's purported ""*Reply*" to her *Opposition to Defendant's Motion to Quash Service and Dismiss the Complaint* (Docket #13) should be stricken from the record and *Defendant's Motion to Quash Service and Dismiss the Complaint* denied. Defendant should be required to file an Answer to the Complaint within ten (10) days from the date of this Order. In addition, Plaintiff respectfully asks that the Court exercise its inherent powers and sanction Defendant in order to deter future misrepresentations to the Court and waste of the Court's time, as well as to compensate Plaintiff's counsel for the time she has had to waste responding to Defendant's abusive and frivolous Motion and Reply.

---

[7] This mystery might be resolved in a hearing, with Ms. Irwin present, and/or descriptions and photos submitted as evidence, but this again, seems like a gross waste of time and resources.

Respectfully submitted,


Dawn V. Martin, Esquire
D.C. Federal Bar No. 412348
*Law Offices of Dawn V. Martin*
1725 I Street, Suite 300
Washington, D.C. 20006
(202) 408-7040 telephone
(703) 642-0208 *facsimile*
DVMARTINLAW@yahoo.com
www.dvmartinlaw

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **Lowry Martin,** | ) | |
| Plaintiff, | ) | Civil Action No. 05-01411 |
| v. | ) | EGS |
| | ) | |
| **The Arc of the District of Columbia** | ) | |
| Defendant. | ) | |

## **ORDER**

Upon consideration of *Plaintiff's Motion to Strike Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Quash Service and Dismiss the Complaint* (Docket # 13), Plaintiff's Opposition and the entire record herein, Defendant's motion is **GRANTED**.

**It is ORDERED:** that *Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Quash Service and Dismiss the Complaint* (Docket # 13) as improperly raising new arguments not raised in its *Motion to Quash Service and Dismiss the Complaint*.

**It is FUTHER ORDERED:** that Defendant will file an Answer to the Complaint within ten (10) days of the date of this Order.

**It is FUTHER ORDERED:** that, pursuant to the inherent powers of this Court to issue sanctions for violations of Rule 11, the filing of frivolous motions and other filings, for making false statements to this Court, and to discourage future misconduct, Defendant is sanctioned in the amount of $_____ and will pay this amount to the Law Offices of Dawn V. Martin, within twenty (20) days of the date of this Order.

8

_____
The Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia