UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Lowry Martin | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.:  1:05CV01411 |
| v. | ) | |
| | ) | Judge Emmet G. Sullivan |
| | ) | |
| The Arc of the District of Columbia | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS THE COMPLAINT
## FOR FAILURE TO PLEAD WITH PARTICULARITY &
## FAILURE TO STATE A CLAIM

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Defendant The Arc of the District of Columbia, Inc. ("The Arc"), through counsel, hereby moves to dismiss for failure to plead with particularity and /or failure to state a claim all counts of the Complaint. Plaintiff Lowry Martin alleges three counts against the Arc of DC:  1). Violation of the False Claims Act, 31 U.S.C. § 3729 -3733 ("FCA") and/or the D.C., Whistleblower Protection Act, D.C. Code Ann. §§ 1-615.51 - 1-615.59 ("WPA"); 2) Breach of Contract; and 3) Intentional Infliction of Emotional Distress ("IIED").

## I.    COUNT I - FALSE CLAIMS ACT CLAIM

Plaintiff's Complaint alleges that The Arc violated the FCA. Violation of the FCA is a form of fraud. Federal Rule of Civil Procedure 9(b) requires that fraud be pled with particularity. In her Complaint, Plaintiff failed to plead with particularity the alleged violations of the FCA. The FCA requires submission of a false claim. Plaintiff's Complaint does not allege The Arc submitted a claim. Accordingly, Plaintiff's FCA claim should be dismissed with prejudice.

## II.    COUNT I – WHISTLEBLOWER PROTECTION ACT CLAIM

Plaintiff's claim under the WPA should be dismissed because the protections of the WPA are inapplicable to private employers and employees. The WPA only protects employees of the D.C. government. The Arc is not part of the D.C. government. Plaintiff was not a D.C. government employee. Accordingly, Plaintiff's WPA claim should be dismissed with prejudice.

## III.    COUNT II – BREACH OF CONTRACT CLAIM

Plaintiff has alleged breach of contract. Plaintiff alleges that The Arc breached its employment contract with her when it failed to follow the terms of its grievance and disciplinary policies contained in its Personnel Policies. In support of her claim, Plaintiff has attached a portion of The Arc's Personnel Policies Manual ("Personnel Policies").

The Personnel Policies provide that employment with The Arc is at-will. Both employees and employer can terminate the employer/employee relationship at anytime, for any reason. Accordingly, Plaintiff's breach of contract claim should be dismissed with prejudice because Plaintiff does not have an employment contract with The Arc.

## IV.    COUNT III – EMOTIONAL DISTRESS CLAIM

The alleged basis of this claim is a co-worker's thwarting Plaintiff's ability to perform her job and Plaintiff's discharge after she complained. As a matter of law, occupational disputes and discharge of an employee will not support a claim of

intentional infliction of emotional distress. Accordingly, Plaintiff's IIED claim should be dismissed with prejudice.

A separate memorandum of points and authorities and a proposed order are being filed herewith.

Respectfully submitted,

**JACKSON LEWIS LLP**

June 14, 2007

By: /s/ Michael N. Petkovich
Michael N. Petkovich (D.C. Bar No.461244)
8614 Westwood Center Drive, Suite 950
Vienna, Virginia 22182
(703) 821-2189
(703) 821-2267 (fax)
*Attorney for Defendant*