UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Lowry Martin** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:05CV01411 |
| v. | ) | |
| | ) | Judge Emmet G. Sullivan |
| | ) | |
| **The Arc of the District of Columbia** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendant The Arc of the District of Columbia, Inc. ("The Arc") submits this memorandum of law in support of its motion to dismiss for failure to plead with particularity and failure to state a claim all counts of the Complaint. In support of its motion, The Arc states as follows:

**I.   SUMMARY**

Plaintiff Lowry Martin alleges three counts against the Arc of DC: 1). Violation of the anti-retaliation provisions of the False Claims Act, 31 U.S.C. § 3729 -3733 ("FCA") and/or the D.C., Whistleblower Protection Act, D.C. Code Ann. §§ 1-615.51 - 1-615.59 ("WPA"); 2) Breach of an alleged Employment Contract; and 3) Intentional Infliction of Emotional Distress ("IIED").

**A.       Count I – False Claims Act**

Plaintiff alleges that The Arc violated the FCA by engaging in fraud against the U.S. government. Under Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") fraud must be pled with particularity. The allegations in Plaintiff's claims fail to provide the required level of particularity.

### B.  Count I – Whistleblower Protection Act

The protections of the WPA only apply to current and former employees of the D.C. government. The Arc is not a D.C. government agency. Plaintiff was not employed by the D.C. government. Therefore, Plaintiff's WPA claim should be dismissed.

### C.  Count II – Breach of Contract

The Complaint alleges The Arc breached the contractual terms of the employee handbook when it terminated Plaintiff. Under the express terms of the employee handbook, The Arc reserved the right to terminate Plaintiff without any restrictions. Therefore, the breach of contract claim should be dismissed.

### D.  Count III – Emotional Distress

The Complaint alleges The Arc engaged in intentional infliction of emotional distress when it subjected Plaintiff to the uncooperative working relationship with a co-worker and when The Arc terminated Plaintiff. As a matter of law, behavior by a co-worker involving occupational issues and/or the discharge of an employee will not support a claim of intentional infliction of emotional distress.

## II.  ARGUMENT

### A.  Plaintiff's FCA Claim Should Be Dismissed For Failure To Plead With Particularity

Since an FCA claim alleges fraud, Rule 9(b) requires that it be pled with particularity. Rule 9(b) states:

> . . . in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

*Id.* The allegation of a false claim under the FCA is an "averment of fraud" subject to Rule 9(b). *United States ex rel. Brooks v. Lockheed Martin Corp.*, 423 F. Supp. 2d 522, 526 (D. Md. 2006)(*relying on United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1312 (11th Cir. 2002). In *ex rel. Brooks* the court in dismissing the plaintiff's claim stated:

> . . . an FCA relator must satisfy a heightened pleading standard. The case law clearly states that a complaint that fails to comply with Rule 9(b) must be dismissed. A relator, therefore, "must come to court with a claim in hand", and cannot rely on "generalized, speculative suppositions"

*ex rel. Brooks*, 423 F. Supp. at 522 (*quoting United States ex rel. Quinn v. Omnicare Inc.*, 382 F.3d 432, 440 (3d Cir. 2004)) (internal citations omitted). In *ex rel. Brooks*, the court stated that under Rule 9(b) the "circumstances" that must be pled with particularity are:

> [T]he time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.

*Id.* (quoting "*Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1297, at 590 (2d ed. 1990)).

Under the FCA, non-performance of contractual duties or a general allegation of fraud does not suffice to state a claim, there must be submission of a false claim. *ex rel. Brooks*, 423 F. Supp. 2d at 530.

Plaintiff has failed to plead with particularity her allegation that The Arc's alleged non-compliance with contractual funding obligations violates the FCA. (Complaint ¶¶ 14 – 16, 21, 25, 73, 74, 97). Plaintiff failed to identify if anyone made a false representation

and failed to provide any of the purported details such as the time, place, and contents of the alleged false claims.

Plaintiff has also failed to plead with particularity any facts in support of her hollow claim that The Arc's discharge of Plaintiff was in retaliation for activity protected under the FCA. For the reasons stated above, Plaintiff's claims under the FCA should be dismissed with prejudice.

### B.   The WPA Only Applies To D.C. Government Employees

The WPA protects employees of the District of Columbia government from retaliation for disclosing alleged mismanagement, waste, fraud or abuse. In the opening paragraph of the WPA, the City Council stated:

> The Council finds and declares that the public interest is served when *employees of the District government* are free to report waste, fraud, abuse of authority, violations of law, or threats to public health or safety without fear of retaliation or reprisal.

D.C. Code Ann. § 1-615.51 (emphasis added). In Section 1-615.52(a)(3) of the WPA the covered employees are defined as:

> *"Employee" means any person who is a former or current District employee,* or an applicant for employment by the District government . . .

D.C. Code Ann. § 1-615.52(a)(3) (emphasis added). The Complaint alleges that The Arc is a non-profit 503(c)(3) organization. It is undisputed that The Arc is a charitable organization – not part of the D.C. government. Plaintiff was employed by The Arc. For these reasons, Plaintiff's WPA claim should be dismissed with prejudice.

C.      **The Arc's Personnel Policies Manual
        Does Not Create Contractual Rights**

In the District of Columbia the presumption is that an employment relationship is terminable "at-will." *Minihan v. American Pharmaceutical Assn.*, 259 U.S. App. D.C. 10 (D.C. Cir. 1987); see also *Nickens v. Labor Agency of Metro. Wash.*, 600 A.2d 813, 816 (D.C. 1991). The existence of a personnel manual, in and of itself, does not convert an employee's status from at-will to "permanent." *Taylor v. Washington Metro. Area Transit Auth.*, 922 F. Supp. 665, 674 (D.D.C. 1996). Plaintiff must point to specific statements in the manual that clearly reflect the parties' intent to transform the at-will employment relationship to a contractual relationship. *Id.*

The Arc's Personnel Policies Manual ("Manual")[1] states that it is not a promise of continued employment. In Section 1.5 Employment At Will, the manual states:

> The policies contained herein are designed to serve as a guide to the Arc of DC's employment practices and are subject to review and change. The Arc of DC maintains the right to alter the policies at any time as well as the right to interpret policies and make final determinations as to appropriate action to be taken in all circumstances.
>
> *Employment with The Arc of DC, Inc. is considered <u>at-will</u>. Thus, the employer/employee relationship may be terminated at any time, for any reason by either party. No employee is authorized to make oral or written assurances*

---

[1] In *Kaempe v. Myers*, 361 U.S. App. D.C. 335 (D.C. Cir. 2004) the court of appeals affirmed the dismissal of plaintiff's claims when documents referred to in the complaint and integral to Plaintiff's claim were appended to defendant's motion to dismiss for failure to state a claim. *See also Fecht v. Price Co.*, 70 F.3d 1078, 1080 (9th Cir. 1995) (documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does "not convert the motion to dismiss into a motion for summary judgment.") *See also* the rule of completeness - Federal Rule of Evidence 106. In her Complaint Plaintiff alleged:
> "The Arc's written personnel policies were incorporated into Ms. Martin's employment contract with The Arc."

(Complaint ¶ 100). Plaintiff attached as Plaintiff's Exhibit C sections 9, 10 and 12 of The Arc's Personnel Policies Manual. ("Manual"). In the interest of completeness, The Arc has attached the Manual in its entirety to this motion to dismiss. (Manual - Exhibit 1).

> *or promise of continued employment, nor should any statement in this Manual be construed as a promise of continued employment.*

(Ex. 1)(emphasis added). Contrary to the Complaint's allegations, The Arc reserved the right to terminate Plaintiff "at any time, for any reason." These undisputed facts prove that The Arc never entered any contract that provided Plaintiff the right to progressive discipline as any precondition to termination. For these reasons, the breach of contract claim should be dismissed with prejudice.

### D. Occupational Disputes And Discharge Cannot Provide The Basis For Plaintiff's IIED Claim

As a matter of law, behavior that is focused on occupational-issues, even when personally exploitive and vindictive, cannot provide the basis for an IIED[2] claim. *Kassem v. Wash. Hosp. Ctr.*, 2006 U.S. Dist. LEXIS 60302 (D.D.C. 2006). As a matter of law, discharge of an employee is not "conduct that goes beyond all possible bounds of decency and [is] regarded as atrocious and utterly intolerable in a civilized community." *Elliott v. Healthcare Corp.*, 629 A.2d 6, 9 (D.C. 1993).

Plaintiff's intentional infliction of emotional distress claim is based on allegations that a co-worker, Annetta Graham neglected her job duties, acted in an uncooperative, unprofessional, insulting manner and thwarted Plaintiff in completing her job duties. (Complaint ¶¶ 13, 49-50, 52). Plaintiff also bases this claim on the fact that she was

---

[2] Under District of Columbia law, to establish a prima facie case of IIED, a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) either intentionally or recklessly (3) causes the plaintiff severe emotional distress. *Larijani v. Georgetown Univ.*, 791 A.2d 41, 44 (D.C. 2002). The alleged conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* In general, "a case of intentional infliction of emotional distress is made out only if the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim "Outrageous!" *Id.* (quoting RESTATEMENT (SECOND) OF TORTS § 46 (1965)).

6

terminated. Under D.C. law, the allegations fail to support a claim of intentional infliction of emotional distress. Therefore, this claim should be dismissed with prejudice.

### III. CONCLUSION

For the foregoing reasons, The Arc respectfully requests that the Court grant this motion to dismiss with prejudice all counts of the Complaint.

Respectfully submitted,

**JACKSON LEWIS LLP**

June 14, 2007

By: /s/ Michael N. Petkovich
Michael N. Petkovich (D.C. Bar No.461244)
8614 Westwood Center Drive, Suite 950
Vienna, Virginia 22182
(703) 821-2189
(703) 821-2267 (fax)
*Attorney for Defendant*