UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lowry Martin )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>The Arc of the District of Columbia )<br>)<br>Defendant. ) | Civil Action No.: 1:05CV01411<br><br>Judge Emmet G. Sullivan |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT**

Defendant The Arc of the District of Columbia, Inc. ("The Arc"), through counsel, submits this Reply Brief in Support of its Motion to Dismiss the Complaint.

**I.    SUMMARY**

On June 14, 2007, The Arc filed a motion to dismiss all four claims in Plaintiff's Complaint. In her opposition, Plaintiff has failed to rebut the basis for our motion.

    A.    <u>Count I – D.C. Whistleblower Protection Act</u>

Plaintiff failed to address The Arc's motion to dismiss this claim. Accordingly, this claim should be dismissed with prejudice.

    B.    <u>Count I – False Claims Act</u>

Plaintiff's False Claims Act ("FCA") claims should be dismissed with prejudice because: 1) Plaintiff is required to plead her FCA claims with particularity and the undisputed facts establish that Plaintiff has failed to do so; 2) Plaintiff is not entitled to discovery on her speculative FCA claims before dismissal; 3) When Plaintiff complained about her working conditions, and her co-workers qualifications and behavior she was not engaged in activity protected by the FCA's anti-retaliation provisions.

### C. Count II – Breach of Contract

Plaintiff's breach of contract claim should be dismissed because The Arc's handbook disclaims all promises of continued employment and informs employees that their employment is at-will and may be terminated, at any time - for any reason. Counsel for Plaintiff cited a host of cases wherein employee handbooks constituted contracts of employment. However, none of these cases involved handbooks, which expressly stated that employees were employed "at-will" and they could be terminated at "any time" without progressive discipline.

### D. Count III – Emotional Distress

Plaintiff's intentional infliction of emotional distress claim fails because work related behavior and termination of employment do not support an emotional distress claim as a matter of law. Plaintiff relies on cases involving outrageous behavior, unrelated to employment. Based on controlling law this count should be dismissed.

## II. STANDARD OF REVIEW

In her Opposition, counsel for Plaintiff relies on the wrong standard of review. On a motion to dismiss for failure to state a claim the:

> [C]omplaint must present "enough facts to state a claim to relief that is plausible on its face," and "above the speculative level."

*Benz v. Wash. Newspaper Publ. Co., LLC*, 2007 U.S. Dist. LEXIS 44087 (D.D.C. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

## III. ARGUMENT

### A. Count I – D.C. Whistleblower Protection Act

The D.C. Whistleblower Protection Act only protects employees of the D.C. government. The undisputed facts establish that The Arc is not part of the D.C. government and Plaintiff was not employed by the D.C. government. In her Opposition, Plaintiff has failed to respond to The

Arc's request for dismissal of this claim. Therefore, The Arc requests dismissal of this claim with prejudice.

### B. Count I – Plaintiff's False Claims Act Claims Should Be Dismissed

#### 1. The FCA Claim Should Be Dismissed Because Plaintiff Failed To Plead With Particularity

Since an FCA claim alleges fraud, Plaintiff is required to plead with particularity. In *United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 363 U.S. App. D.C. 419, 389 F.3d 1251, 1256 (D.C. Cir. 2004) the Circuit Court dismissed the FCA claim, reasoning:

> [W]e require that the pleader ... state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud. We also require pleaders to identify individuals allegedly involved in the fraud. *Id.* (internal citations removed).

On page 28 of her Opposition, Plaintiff concedes that she has an unsubstantiated "belief" that The Arc violated the FCA. (Plaintiff's Opp. P. 28). Plaintiff admits she:

> [N]ever had access to The Arc's actual funding requests or reports to the government submitted to justify funding for the following year.

*Id.* Plaintiff admittedly has no factual support for her "belief." Therefore, Plaintiff's FCA claim should be dismissed with prejudice.

#### 2. Plaintiff is Not Entitled To Discovery Before Dismissal

Plaintiff is not entitled to discovery on her speculative FCA claims in the hope that such a fishing expedition will turn up some evidence of wrongdoing. When the fraud in an FCA claim is not pled with particularity, the court must dismiss. In *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1279 (D.C. Cir. 1994) the court rejected the plaintiff's attempt to file a complaint without any factual support hoping "for the discovery of unknown wrongs." *Id.* Here, as in *Kowal*, counsel for Plaintiff admits that Plaintiff does not have any facts to support her fraud claim, but needs to conduct discovery to find out whether any such facts exist. In doing so,

Plaintiff admits her fraud claim is entirely speculative. For these reasons, this claim should be dismissed with prejudice.

### 3. Plaintiff Failed To Allege She Engaged In Protected Activity

To establish an FCA retaliation claim, a plaintiff must engage in a protected activity. In *Shekoyan v. Sibley Int'l*, 366 U.S. App. D.C. 144 (D.C. Cir. 2005) the court in affirming the grant of summary judgment to defendant on an FCA retaliation claim stated:

> [M]ere dissatisfaction with one's treatment on the job is not … enough. Nor is an employee's investigation of nothing more than his employer's non-compliance with federal or state regulations."

*Id.* (internal citation removed). Plaintiff alleges she complained about her job, about her co-workers' performance and about her co-workers' qualifications. Here, as in *Shekoyan*, these complaints do not constitute protected activity. For these reasons, Plaintiff failed to state a claim that she was retaliated against for engaging in any protected activity covered under the FCA. Therefore, this claim should be dismissed.

### C. The Arc's Manual Does Not Create Contractual Rights

Where an employment manual both disclaims any promise of continued employment and states that employment can be terminated at-will, it cannot support an employee's breach of contract claim. *Boulton v. Inst. of Int'l Educ.*, 808 A.2d 499, 505 (D.C. 2002).

Section 1.5 of The Arc's Personnel Policies Manual[1] disclaims any "promise of continued employment" and states that employment is "at-will" and may be "terminated at any time, for any reason."

Counsel for Plaintiff cites a host of cases wherein handbooks were found to constitute employment contracts[2]. However, none of the cases cited by opposing counsel involved

---

[1] The Manual is attached as Exhibit 1 to The Arc's memorandum in support of its motion to dismiss.

handbooks that specifically and expressly advised employees that the handbook did not create a contractual "promise" of continued employment. Similarly, none of the cases relied on by opposing counsel involved handbooks that expressly stated that employees were at-will and they could be terminated at any time, for any reason. These undisputed provisions in The Arc's handbook prove that there is no employment contract between The Arc and Plaintiff. Regardless of whether this handbook is a contract, the handbook clearly states that The Arc reserved the right to terminate Plaintiff for any reason at any time. The handbook does not limit The Arc's right to terminate Plaintiff in any way. Therefore, this breach of contract claim should be dismissed.

### D. Occupational Disputes And Discharge Cannot Provide The Basis For Plaintiff's Emotional Distress Claim

#### 1. In D.C. Employment Disputes Are Not A Basis For Emotional Distress Claims

In the District of Columbia as a matter of law, occupational disputes leading to discharge cannot provide the basis for an emotional distress claim. In *Tiefenbacher v. AARP*, 2006 U.S. Dist. LEXIS 23629 (D.D.C. 2006) the court in dismissing plaintiff's emotional distress claim based on her working conditions and termination stated:

> [M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" are not legally extreme or outrageous . . . This is especially so in the context of an employer-employee relationship.
> * * *
> [M]ere discharge of an employee is not conduct that goes beyond all possible bounds of decency and [is] regarded as atrocious and utterly intolerable in a civilized society.

*Id.* Plaintiff's emotional distress claim alleges that a co-worker was uncooperative, unprofessional, insulting, frustrated Plaintiff's performance of her job and that after Plaintiff

---

[2] *See Dantley v. Howard Univ.*, 801 A.2d 962, 967 (D.C. 2002); *United States ex rel. Yesudian v. Howard Univ.*, 332 U.S. App. D.C. 56 (D.C. Cir. 1998); *Strass v. Kaiser Found. Health Plan*, 744 A.2d 1000, 1011 (D.C. 2000); and *Washington Welfare Assoc. v. Wheeler*, 496 A.2d 613, 616 (D.C. 1985)

complained she was terminated. Under D.C. law, since the above allegations are not extreme and outrageous they cannot support a claim of intentional infliction of emotional distress.[3] This count should be dismissed with prejudice.

### 2. The Emotional Distress Cases Plaintiff Relies On Are Distinguished

The emotional distress cases Plaintiff relies on to support her claim involve allegations of outrageous conduct that happened to occur at work, but were wholly unrelated to work.[4] For instance in *Wade*, 2005 U.S. Dist. LEXIS 12972 the court permitted plaintiff's emotional distress claim to proceed against her former supervisor when it was alleged that during plaintiff's pregnancy, whenever she touched her stomach, the "defendant would place his hands on his genitals and gyrate while her coworkers looked on and laughed." *Id.* The court in *Wade* stated that the conduct in *Wade* could be distinguished from the:

> type attributable to employer-employee conflicts [that] do not, as a matter of law, rise to the level of outrageous conduct.

*Id.* Plaintiff's claims involve employer-employee conflicts, rather than the personal and sexual attacks in *Larijani* and *Wade*. Therefore, Plaintiff's claim for emotional distress should be dismissed with prejudice.

---

[3] *See also Anderson v. Ramsey*, 2006 U.S. Dist. LEXIS 21034, 25-26 (D.D.C. 2006)(summary judgment for defendants on emotional distress claims, in which plaintiffs alleged that after they publicly spoke out about the flaws in the District's emergency response system they were subjected to a "sham" investigation and unjustly fired; *Kassem v. Wash. Hosp. Ctr.*, 2006 U.S. Dist. LEXIS 60302 (D.D.C. 2006)(emotional distress claim based on "threat of discharge, revocation of the HB-1 visa, and a conjured investigation with manufactured evidence" dismissed for failure to state a claim); *Futrell v. Dep't of Labor Fed. Credit Union*, 816 A.2d 793, 808 (D.C. 2003) (summary judgment for defendant affirmed on emotional distress claim based on demotion and termination); *Elliott v. Healthcare Corp.*, 629 A.2d 6, 9 (D.C. 1993) (as a matter of law, discharge of an employee is not "conduct that goes beyond all possible bounds of decency and [is] regarded as atrocious and utterly intolerable in a civilized community.").

[4] *See Larijani v. Georgetown Univ.*, 791 A.2d 41, 44 (D.C. 2002); *Wade v. Wash. Metro. Area Transit Auth.*, 2005 U.S. Dist. LEXIS 12972 (D.D.C. June 27, 2005).

## IV.  CONCLUSION

For the foregoing reasons, as well as the reasons stated previously in its motion to dismiss and memorandum in support, The Arc respectfully requests that the Court grant its motion to dismiss with prejudice all counts of the Complaint.

Respectfully submitted,

**JACKSON LEWIS LLP**

July 10, 2007

By: /s/ Michael N. Petkovich
Michael N. Petkovich (D.C. Bar No.461244)
8614 Westwood Center Drive, Suite 950
Vienna, Virginia 22182
(703) 821-2189
(703) 821-2267 (fax)
*Attorney for Defendant*