UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lowry Martin ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:05CV01411 |
| v. ) | |
| ) | Judge Emmet G. Sullivan |
| ) | |
| The Arc of the District of Columbia ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant The Arc of the District of Columbia, Inc. ("The Arc") submits this memorandum of law in support of its motion for reconsideration of the court's denial of The Arc's motion to dismiss Plaintiff's breach of contract claim for failure to state a claim. In support of its motion The Arc states as follows:

I. **SUMMARY**

Plaintiff's Complaint alleges that The Arc breached its employment contract with her when it failed to follow the terms of the grievance and disciplinary policies contained in its Personnel Policies Manual ("Manual"). In support of her claim, Plaintiff attached a portion of the Manual to her Complaint. The Arc attached the entire Manual to their motion to dismiss. The court did not consider the Manual when it rendered its earlier decision.

When a plaintiff's claim is based on a portion of a document that is attached to a complaint a court may consider the entire document when deciding a motion to dismiss. The court's examination of the entire document does not transform a motion to dismiss into a motion for summary judgment.

1

An examination of the Manual in its entirety establishes that it disclaims any alleged contractual rights. For the above reasons, as explained in detail below, The Arc respectfully requests that the Court reconsider its decision to not examine the text of the entire Manual and reconsider its denial of The Arc's motion to dismiss Plaintiff's breach of contract claim.

## II.   UNDISPUTED FACTS

### A.   Plaintiff's Claim Relies On The Manual

In her Complaint Plaintiff alleged that The Arc's written personnel policies were incorporated into Plaintiff's 'employment contract' with The Arc. (Complaint ¶ 100). Plaintiff alleged The Arc violated these policies and breached its contract with her when it failed to follow its progressive discipline policy. (Complaint ¶¶ 99 – 103). In support of her allegation, Plaintiff attached sections nine through twelve of the Manual to her Complaint. (Complaint Ex. C). The Arc attached the entire Manual to its motion to dismiss. (Mot. Dismiss – Exhibit 1 – ECF Doc. No. 17-4 & 17-5).

### B.   The Arc's Manual Is Not A Promise Of Continued Employment.

The Arc's Manual clearly states that it is not a promise of continued employment. In Section 1.5 Employment At Will the manual states:

> Employment with The Arc of DC, Inc. is considered at-will. Thus, the employer/employee relationship may be terminated at any time, for any reason by either party. No employee is authorized to make oral or written assurances or promise of continued employment, nor should any statement in this Manual be construed as a promise of continued employment.

(Mot. Dismiss – Exhibit 1 –Doc. No. 17-4).

2

III. **ARGUMENT**

    A.    **The Court May Review The Entire Manual**

In *Kaempe v. Myers*, 361 U.S. App. D.C. 335 (D.C. Cir. 2004) the court of appeals affirmed the dismissal of plaintiff's claims when documents referred to in the complaint and integral to plaintiff's claim were appended to defendant's motion to dismiss for failure to state a claim. *Id*[1]. In *Kaempe* the D.C. Circuit held that in deciding a motion to dismiss the District Court may review documents referred to in the complaint without turning the motion to dismiss into a motion for summary judgment. *Id.* In her Complaint Plaintiff alleged:

> "The Arc's written personnel policies were incorporated into Ms. Martin's employment contract with The Arc."

(Complaint ¶ 100). Plaintiff attached to her Complaint portions of the Manual as Plaintiff's Exhibit C. The Arc attached the entire Manual to its motion to dismiss. (Mot. Dismiss – Exhibit 1 –Doc. No. 17-4 & 17-5). Since Plaintiff's breach of contract claim is based on The Arc's Manual the Court may review the entire Manual in deciding the motion to dismiss.

    B.    **The Arc's Manual Does Not Create Contractual Rights**

When an employment manual both disclaims any promise of continued employment and states that employment can be terminated at-will, it cannot support an employee's breach of contract claim. *Boulton v. Inst. of Int'l Educ.*, 808 A.2d 499, 505

---

[1] *See also Braude & Margulies, P.C. v. Fireman's Fund Ins. Co.*, 468 F. Supp. 2d 190, 195 (D.D.C. 2007)(*relying on Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002)(In deciding a 12(b)(6) motion, the Court may consider "documents attached as exhibits or incorporated by reference in the complaint."); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (contract between parties "integral" to complaint alleging breach and may be considered on a motion to dismiss); *Jorge v. Rumsfeld*, 404 F.3d 556, 558-559 (1st Cir. 2005)( When a complaint's factual allegations are dependent on a document, that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)).

(D.C. 2002)(employers can effectively disclaim any implied contractual obligation arising from the provisions contained in a handbook).

Section 1.5 of The Arc's Manual disclaims any "promise of continued employment" and states that employment is "at-will" and may be "terminated at any time, for any reason."

The handbook clearly states that The Arc reserved the right to terminate Plaintiff for any reason at any time. The handbook does not limit The Arc's right to terminate Plaintiff in any way. As a matter of law there is no employment contract between The Arc and Plaintiff, therefore, the breach of contract claim should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, The Arc respectfully requests that the Court grant this motion for reconsideration and dismiss Plaintiff's breach of contract claim.

Respectfully submitted,

JACKSON LEWIS LLP

April 11, 2008

By: /s/ Michael N. Petkovich
Michael N. Petkovich (D.C. Bar No.461244)
8614 Westwood Center Drive, Suite 950
Vienna, Virginia 22182
(703) 821-2189
(703) 821-2267 (fax)
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify on April 11, 2008, a copy of the foregoing Defendant's Memorandum of Law in Support of Defendant's Motion for Reconsideration was filed with the court by electronic means; opposing party and the judge were served consistently with the instructions therein.

By: /s/ Michael N. Petkovich
Michael N. Petkovich (D.C. Bar No. 456010)
JACKSON LEWIS LLP
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189
(703) 821-2267 [fax]
petkovim@jacksonlewis.com
**Attorney for Defendant**