UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lowry Martin )<br>     Plaintiff, )<br>v. )<br>)<br>)<br>The Arc of the District of Columbia )<br>     Defendant. ) | Civil Action No.: 1:05CV01411<br><br>Judge Emmet G. Sullivan |

### REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR RECONSIDERATION

Defendant The Arc of the District of Columbia, Inc. ("The Arc") submits this Reply Brief in further support of its motion for reconsideration under Federal Rule of Civil Procedure 59 and in opposition to Plaintiff's cross-motion for reconsideration under Federal Rule of Civil procedure 60(b)(6). The Arc states as follows:

### I.  SUMMARY

#### A.  Defendant's Motion For Reconsideration Of Motion To Dismiss

##### 1.  The Court May Consider The Arc's Manual

Plaintiff failed to address The Arc's central argument that the Court should consider the Arc's entire Personnel Policies Manual ("Manual") when it decides the Arc's motion to dismiss the breach of contract claim. Nor does Plaintiff oppose the Arc's contention that the Court's examination of the entire document does not transform the motion to dismiss into a motion for summary judgment. Since Plaintiff fails to address these arguments they are all conceded.

1

### 2. The Manual Expressly Provides The Arc Can Terminate At Will

The Complaint alleges that The Arc breached its "written policies" contained in the Manual which were "incorporated in its employment contract" with Plaintiff. Counsel for Plaintiff cites a dozen cases in support of her claim that this issue should be preserved for the jury. Not one of the cases she relies on involved a handbook which expressly stated that the employer retains the right to terminate "at will." The Arc's Manual clearly states:

> Employment with The Arc of DC, Inc. is considered <u>at-will</u>. Thus, the employer/employee relationship may be terminated at any time, for any reason by either party.

The cases Plaintiff relies on are clearly distinguishable from the facts in this case.

### 3. Plaintiff Cannot Raise New Claims In Her Opposition

In her Opposition Plaintiff for the first time raises the issue of promissory estoppel. Plaintiff failed to plead a cause of action for promissory estoppel in her Complaint. Plaintiff cannot raise a claim based on a new cause of action for the first time in her opposition.

As explained in detail below, The Arc respectfully requests that the Court reconsider its decision to not examine the text of the entire Manual and reconsider its denial of The Arc's motion to dismiss Plaintiff's breach of contract claim.

### B. **Plaintiff's Cross Motion For Reconsideration**

Plaintiff has also incorporated in her opposition a cross motion under Federal Rule of Civil Procedure 60(b)(6) requesting that the Court reconsider its dismissal with prejudice of her Intentional Infliction of Emotional Distress Claim, and seeking leave to amend to add a wrongful discharge claim. Plaintiff has failed to identify the required

extraordinary circumstances needed for a court to grant a motion for reconsideration under Rule 60(b)(6). Plaintiff alleges that recent decisions of the Circuit Court mandate reconsideration. However, a change in the law after a judgment is rendered is not a basis for relitigation of a final judgment. Furthermore, Plaintiff was discharged on July 16, 2004, any newly asserted claims are time-barred by the District of Columbia's three year statute of limitations.

## II. UNDISPUTED FACTS

### A. The Arc's Manual States Employment Is "At-Will"

The Arc's Manual expressly states that employment with The Arc is At-Will. In Section 1.5 Employment At Will the manual states:

> Employment with The Arc of DC, Inc. is considered at-will. Thus, the employer/employee relationship may be terminated at any time, for any reason by either party. No employee is authorized to make oral or written assurances or promise of continued employment, nor should any statement in this Manual be construed as a promise of continued employment.

(Mot. Dismiss – Exhibit 1 –Doc. No. 17-4).

## III. ARGUMENT

### A. Plaintiff Conceded Defendant's Central Arguments

When a plaintiff fails to address defendant's arguments those arguments are conceded. In Zakiya *v. United States,* 267 F. Supp. 2d 47, 54 (D.D.C. 2003) the court held:

> It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by defendant, a court may treat those arguments that the plaintiff failed to address as conceded.

*Id.* Plaintiff failed to address and therefore concedes that:

3

The Court should consider the Arc's entire Manual when it decides the Arc's motion to dismiss for failure to state a claim. The Manual in its entirety establishes that employment with The Arc is "at will." The Court's examination of the entire document does not transform a motion to dismiss into a motion for summary judgment.

### B. The Arc's Handbook Expressly States That Employment Is At Will

In the District of Columbia at-will employees can be terminated, at any time, with or without cause. In *Smith v. Union Labor Life Ins. Co.*, 620 A.2d 265, 269 (D.C. 1993) the court affirmed the "at-will" nature of the employment where the language in the handbook stated that the employer could terminate employment "at will." *Id.*

Counsel for Plaintiff cites several cases wherein handbooks which lacked clear at-will employment language were found to constitute employment contracts. However, none of the cases cited by opposing counsel involved handbooks that specifically and expressly advised employees that their employment was at-will, that they could be terminated at any time, for any reason. These undisputed provisions in The Arc's Manual establish as a matter of law that Plaintiff was an "at-will" employee subject to termination at anytime for any or no reason.

### C. Plaintiff Cannot Assert A Promissory Estoppel Claim In An Opposition To A Motion For Reconsideration

In her opposition Plaintiff for the first time raises the issue of promissory estoppel. Plaintiff failed to plead a cause of action for promissory estoppel in her Complaint. A motion to dismiss tests the sufficiency of Plaintiff's pleadings. A plaintiff cannot raise a claim based on an entirely new cause of action for the first time in her opposition to a motion to reconsider a motion to dismiss. *See Youngblood v. Vistronix, Inc.*, 2006 U.S. Dist. LEXIS 51460 (D.D.C. July 27, 2006)("court will not allow

plaintiffs' opposition briefs to be vehicles for after-the-bell amendment of complaints.").
Therefore, the Plaintiff's promissory estoppel argument is not properly before the Court.

### D. Plaintiff Has Failed To Identify A Basis For Her Motion For Reconsideration

Plaintiff has failed to identify the required extraordinary circumstances needed for a court to grant a motion for reconsideration under Rule 60(b)(6). Plaintiff alleges that recent decisions of the Circuit Court mandate reconsideration. However, a change in the law after a judgment is rendered is not a basis for re-litigation of a final judgment. In *Butler v. PEPCO*, 2007 U.S. Dist. LEXIS 38003 (D.D.C. 2007) the court stated:

> Plaintiffs' motion is without merit. Plaintiffs have identified no "surprise" or "misrepresentation" that would satisfy Rule 60(b), and the catchall provision of Rule 60(b)(6) is reserved for extraordinary circumstances []. As other judges of this district court have found, a change in statutory interpretation or the state of the law . . . is no basis for relief from judgment.

*Id.* (internal cites removed); *see also Stanford v PEPCO*, 2007 U.S. Dist. LEXIS 5685, (D.D.C.2007) (observing that relief under Rule 60(b) based on "every appellate decision changing the state of the law would open the floodgates to relitigation").

### E. Plaintiff's Newly Asserted Claims Are Time Barred

The District of Columbia has a three year statute of limitations for contract and tort actions. *See* D.C. Code § 12-301. Plaintiff requests leave to amend to add a wrongful discharge claim and attempts for the first time in her opposition to assert a promissory estoppel claim. Plaintiff was discharge on July 16, 2004, any claim for wrongful discharge or promissory estoppel Plaintiff now wishes to assert is time-barred. *Id.*

5

## IV.   CONCLUSION

For the foregoing reasons, as well as the reasons stated previously in The Arc's motion for reconsideration and memorandum in support, The Arc respectfully requests that the Court grant its motion for reconsideration, dismiss with prejudice Plaintiff's breach of contact claim and deny Plaintiff's cross-motion for reconsideration.

                                                Respectfully submitted,

                                                **JACKSON LEWIS LLP**

April 28, 2008                                  By: /s/ Michael N. Petkovich
                                                  Michael N. Petkovich (D.C. Bar No.461244)
                                                  8614 Westwood Center Drive, Suite 950
                                                  Vienna, Virginia 22182
                                                  (703) 821-2189
                                                  (703) 821-2267 (fax)
                                                  petkovim@jacksonlewis.com
                                                  **Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify on April 28, 2008, a copy of the foregoing Defendant's Reply in Further Support of Defendant's Motion for Reconsideration and Opposition to Plaintiff's Cross-Motion for Reconsideration was filed with the Court by electronic means; opposing party and the judge were served consistently with the instructions therein.

By: __/s/ Michael N. Petkovich__
Michael N. Petkovich (D.C. Bar No. 456010)
JACKSON LEWIS LLP
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182
(703) 821-2189
(703) 821-2267 [fax]
petkovim@jacksonlewis.com
**Attorney for Defendant**