UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Lowry Martin,** ) | |
| Plaintiff, ) | Civil Action No. 05-01411 |
| v. ) | EGS |
| ) | |
| **The ARC of the District of Columbia** ) | |
| Defendant. ) | |

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S DEFENDANT'S CROSS-MOTION FOR RECONSIDERATION

Plaintiff, Ms. Martin, hereby replies to *Defendant's Opposition to Plaintiff's Cross-Motion for Reconsideration*.[1]

### I. **Ms. Martin's Procedural Estoppel from Rebutting the ARC's Arguments in its Reply, regarding her Breach of Contract Claim, Must not be Deemed Admissions or Concessions**

Defendant's Opposition was combined with its *Reply to Plaintiff's Opposition to Defendant's Motion for Reconsideration*. Ms. Martin recognizes that she is not permitted to respond to a Reply. It would be an unauthorized sur-reply; accordingly, her procedural inability to address the arguments made in the ARC's Reply must therefore not be deemed as admissions or concessions. Ms. Martin therefore, as she must, stands on her *Opposition* with respect to her breach of contract claim.

### II. **The Parties have Equal Rights to Move for Reconsideration of the Court's Order**

By filing its own *Motion for Reconsideration*, the ARC particularly opened the door for a cross-motion by Ms. Martin. It has no basis upon which to complain because she did so. The

---

[1] Ms. Martin also notes that this Court ordered that the parties file a Joint Status Report by May 1, 2008. Counsel for Ms. Martin attempted to do so, but counsel for the ARC responded by first stating that it was considering its course of action and would contact the undersigned when it decided. Then, without

ARC complains that Ms. Martin does not meet the purportedly "extraordinary circumstances" necessary to file a Motion for Reconsideration, but the ARC made no attempt to meet this criteria or the criteria under any Rule for filing a Motion for Reconsideration.

Rule 60(b) actually reads:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) **any other reason that justifies relief**.  (Emphasis added.)

The ARC further argues that "a change in the law after a judgment is rendered is not a basis for relitigation of a final judgment," citing *Stanford v. PEPCO*, 2007 U.S. Dist. LEXIS 5685 (D.D.C. 2007) (ARC *Reply* at 5); however, the present case is distinguished from *Stanford* because there is no *final judgment* from which an appeal can be taken.  In *Stanford*, the plaintiff made a choice not to timely appeal the final judgment, issued on *September 30, 2005*.  The plaintiff could not invoke Rule 60(b)(6) as an alternative form of an untimely appeal.  In fact, the court had already considered the plaintiff's *first motion for reconsideration*, filed four months after the court's decision, dated January 20, 2006, and even granted it, in part.  *Id.*

The plaintiff filed his *second* motion for reconsideration ten months later, on *July 16, 2006.*  Id.  This was *eight months* after the Supreme Court decision in the case that he claimed

---

prior notice, Defendant filed its Motion for Reconsideration.  The pending motions render a Joint Status Report or scheduling proposal impossible.

changed the analysis of his own case,[2] the court held that he had not filed it in a reasonable period of time and that no extraordinary circumstances existed for allowing him to file at that late date. *Stanford*, 2007 WL 219991 at 1. Of course, the courts have to end litigation at some time. Once the appeals process is exhausted, even if the law changes thereafter, the judgment must stand on the basis of the former state of the law. Otherwise, every time an appellate court issued a new ruling, everyone who lost under the old state of the law could revive his/her case, no matter how old and irrespective of having lost on appeal or forfeited a right to appeal.

*Stanford* does not support the ARC's position; to the contrary, since the court in *Stanford* actually granted, in part, plaintiff's first motion for reconsideration, filed four months after the decision sought reversed, *Stanford* supports the argument that Ms. Martin's cross-motion for reconsideration is timely and appropriate. This Court issued a ruling on **March 28, 2008**. The ARC opened up the issue of reconsideration of that ruling, by filing its motion, on **April 11, 2008**. On **April 21, 2008**, Ms. Martin timely responded with her cross motion requesting reconsideration of dismissal of two of her claims and also asked to amend her complaint, in light of the dismissal of her whistleblower claims.

### III. Ms. Martin is Entitled to Submit Legal Arguments under the Current Law

This is not a case where a statute is enacted and the question is whether it has retroactive or only prospective application; the Court of Appeals has simply issued recent rulings that interpret the long recognized claim of intentional infliction of emotional distress. Ms. Martin made the appropriate arguments in her *Opposition* to the ARC's motion to dismiss, but the area of intentional infliction of emotional distress, particularly in the employment context, has been

---

[2] The Court also noted that the Supreme Court case in question, *Burlington Northern v. White,* 548 U.S. 53 (2006), actually adopted, rather than contradicted, the D.C. Circuit's analysis in *Rochon v. Gonzales,* 438 F.3d 1211, 1219 (D.C. Cir. 2006) *Burlington* therefore did not change the law in the D.C. Circuit, as it applied to *Stanford*.

3

an issue where courts have found themselves in a quandary attempting to reconcile cases and set consistent case law.  The District Court decision in *Kassem v. Washington Hospital Center*, 2006 WL 2474098 (D.D.C. 2006) is a perfect example of a court applying precedent, facing a similar fact pattern, but doing so with reservations.  *Kassem* was reversed after Ms. Martin filed her *Opposition to Defendant's Motion to Dismiss* and shortly before this Court issued its ruling. *Kassem*, 513 F.3d 251 (D.C. Cir. 2008)  When Ms. Martin filed her *Opposition*, she was restricted by the precedent set in the district court's decision.  Although this Court did take the appellate decision in *Kassem* into account, it was without the benefit of Ms. Martin's analysis of *Kassem* to the facts of her own case.  The resulting decision therefore overlooks some points that Ms. Martin would have made had *Kassem* been decided before she filed her *Opposition*.[3]

The Court of Appeals also reversed *Khan v. Parsons Global Services, Ltd., --F.3d--,* 2008 WL 996510 (D.C. Cir. 2008).  *Parsons* further clarified the controlling analysis with respect to IIED claims in employment cases.  Ms. Martin should have an opportunity to present her arguments to this Court, under Kassem and *Parsons*, which have set forth the current, controlling law on intentional infliction of emotional distress cases.  Certainly, this Court has the right to apply *Parsons* to this case – which was decided after the Court issued its decision in the case at bar – rather than allowing this case to proceed on partial claims until it is resolved and then having Ms. Martin appeal it when there is a final judgment by this Court.

**IV. Ms. Martin's Request to Amend her Complaint is Both Appropriate and Timely**

The ARC argues that Ms. Martin is time-barred from amending her complaint to add a wrongful discharge claim and a promissory estoppel claim.

---

[3] *Stanford* again supports, rather than contradicts, Ms. Martin's arguments.  *Stanford* acknowledged the appropriateness of a motion for reconsideration where there was a misinterpretation of case law decided before the challenged decision was issued.  2007 WL

4

First, Ms. Martin never sought to amend her complaint to add a promissory estoppel claim. The facts alleged in her complaint and her claim of breach of contract set forth a promissory estoppel claim. There is therefore no need to amend the complaint to address Ms. Martin's promissory estoppel arguments.

Second, as Ms. Martin explained in her cross-motion, the allegations set forth in her Complaint fully support a claim of wrongful discharge. As Ms. Martin detailed in her motion, she was precluded from raising such a claim until this Court dismissed her "whistleblower" claims because wrongful discharge claims only apply where there is no statute to prohibit the retaliation alleged by the plaintiff. Now that she has no statutory basis for her wrongful discharge, in violation of public policy, she should be permitted to assert the common law claim of wrongful discharge based on the same facts.

There has been absolutely no discovery in this case. *The Defendant has not even answered the Complaint*. The Defendant cannot argue that there would be any prejudice to it by allowing Ms. Martin to amend her complaint to conform to this Court's decision dismissing her whistleblower claims.

Certainly, it would be a waste of judicial resources to appeal a decision without first asking the district court to reconsider its decision in light of newly decided controlling case law that requires a different conclusion than that rendered by the district court.

## **CONCLUSION**

Defendant's *Motion for Reconsideration* should be denied. Plaintiff's claim of intentional infliction of emotional distress should be reinstated and she should be permitted to amend her complaint to add a claim of wrongful discharge, in violation of public policy.

---

219991 at 3.

Respectfully submitted,


Dawn V. Martin, Esquire
*Law Offices of Dawn V. Martin*
1725 I Street, N.W. Suite 300
Washington, D.C. 20006
(202) 408-7040 telephone
(703) 642-0208 *facsimile*
DVMARTINLAW@yahoo.com
www.dvmartinlaw.com